## RILEY *v.* PEHL AND WIFE.

Where a homestead right had been acquired prior to the passage of the amendment to the Homestead Law in 1860, a declaration of homestead could be made and recorded at any time prior to June 1st, 1862, and no right of homestead was lost by a failure to make the declaration before that time.

Riley *v.* Pehl.

Where property is conveyed to a wife and the deed shows upon its face a consideration paid, it becomes the common property of both husband and wife, and not the separate property of the wife.

*Query*—Can the separate property of the wife become the homestead ?

Where a homestead is sold by the Sheriff on an execution against the husband, or husband and wife, and a deed given to the purchaser therefor, it is a cloud upon the title, and a Court of Equity will remove it.

APPEAL from the Fourth Judicial District, Contra Costa County.

The facts are stated in the opinion of the Court.

*M. S. Chase*, for Appellants.

The deed to the wife expresses a money consideration. The demanded premises then, whether considered as conveyed directly to the husband as the prior grantee or as conveyed to the wife, were by the statute and uniform adjudications upon the subject common property. (See Husband and Wife, Dig. Art. 2606 ; *Tryson* v. *Sutton*, 13 Cal. 493 ; *Pixley* v. *Huggins*, 15 Id. 127 ; *Mott* v. *Smith*, 16 Id. 557 ; *Myer* v. *Keizer*, 12 Id. 253.)

As common property it was susceptible of homestead dedication. (Homestead Act 1851, Sec. 1 ; *Taylor* v. *Harguos*, 4 Cal. 273.)

It is contended on the part of the respondent that the homestead claim is waived by the acts of the defendant's wife, and that the husband is " estopped " from any assertion of the claim by reason of the wife having filed her declaration of intention to do business as a sole trader, and having filed also an inventory in which she sets forth as part of her separate property the demanded premises.

1st. As to the wife's rights as affected by these acts, under the Sole Trader Act (Wood's Dig. 490, Sec. 3) it is provided that such sole trader " shall be allowed all the privileges and be liable to all legal processes now or hereafter provided by law against debtors and creditors."

Now were the husband a trader, doing business on the credit of his ownership of this very property (the demanded premises), could it be contended that he could not claim the same as a homestead, and as exempt from a judgment debt contracted, it may be, on the faith of such ownership ? If so, surely the wife as a trader on her own account cannot stand in a more unfavorable position as to her

claim of homestead. There was no estoppel as to husband or wife. (See doctrine of estoppel in *Boggs* v. *Merced Mining Co.*, 14 Cal. 367 ; affirmed in *Green* v. *Prettyman*, 17 Id. 401 ; see, also, *Ferris* v. *Coover*, 10 Id. 631.)

The Sheriff's deed to plaintiff was a cloud upon defendant's title to homestead in the demanded premises, for it required evidence, *aliunde*, the record to defeat recovery based on the deed. (*Pixley* v. *Huggins*, 15 Cal. 127 ; *Dunn* v. *Tozer*, 10 Id. 172 ; *Dorsey* v. *McFarland*, 7 Id. 346.)

*Thomas A. Brown*, for Respondent.

The homestead declaration made by Mrs. Pehl on the sixteenth of February, after the Sheriff's sale, cannot defeat the plaintiff. Defendants' title to the homestead, if any they had at the time of the sale, they held under the Homestead Act of 1851. (*Cohen* v. *Davis*, 20 Cal. 194 ; *Farmer* v. *Sampson*, 6 Texas, 310.) The defendants are by their acts and declarations estopped from denying that the lots of land in controversy at the time of the levy and sale by the Sheriff, were the separate property of the defendant Sarah Pehl, and as such, liable for debts contracted by her as sole trader.

The third section of the act defining the rights of Husband and Wife (Wood's Dig. 487), provides, that : " A full and complete inventory of the separate property of the wife shall be made out and signed by the wife and acknowledged or proved, in the manner required by the law for the acknowledgment of proof of conveyances of land, and recorded in the office of the Recorder of the county in which the parties reside ; " and section five of the same act provides, that the filing of the inventory in the Recorder's office shall be notice of title of the wife, and all property belonging to her included in the inventory shall be exempt from seizure on execution for the debts of her husband.

The inventory of her separate property, filed and recorded by the defendant Sarah Pehl, was intended to and did impart notice to all persons, that the property described therein was her separate property, and was not liable for her husband's debts. The law will hold her responsible for the truth of the statements made and con-

tained in her inventory, in respect to her title to the property in controversy, whether those statements be true or false. She will not be permitted to record her statement for her own protection, and when convenient, deny its truth. (Cowen & Hill's Notes to 3 Philips' Ev., Part 1, 369; 1 Greenl. Ev. 22, 207, 208; *Mitchell* v. *Reed*, 9 Cal. 206; *Hostetter* v. *Hays*, 3 Id. 307; *Cravens* v. *Booth*, 8 Texas, 249; *Bien et al.* v. *Heath*, 6 How. 247; 1 Story's Eq. Jur. Sec. 385.)

The defendant William Pehl, is in no better condition. His wife was doing business as sole trader with his consent. She had assumed to act in his place with his permission, and the presumption is, from his relation towards her, that he knew better than any other person what she was doing.

*Thomas A. Brown*, for Respondent.

CROCKER, J. delivered the opinion of the Court—COPE, C. J. and NORTON, J. concurring.

This is an action to recover the possession of two village lots, claimed by the defendants as a homestead. The wife filed her declaration as a sole trader on the fifth day of December, 1859, and on the second day of August, 1860, the plaintiff commenced an action against her, as such sole trader, and her husband, in which the property claimed as a homestead was attached. He afterward obtained judgment in the action, on which an execution duly issued, under which the property was sold and purchased by the plaintiff on the nineteenth day of January, 1861, and in due time he received a deed from the Sheriff therefor. Notice of the homestead claim appears to have been served on the Sheriff after the levy under the execution, and before the sale of the property. On the sixteenth day of February, and after the Sheriff's sale, the wife filed a declaration of homestead in the Recorder's office. The defendants had occupied the premises as a homestead for some time prior to any of these dates, and have so continued to occupy them ever since. The Court found for the plaintiff, and judgment was rendered accordingly, from which the defendants appeal.

The homestead right in this case was acquired by the defendants

prior to the passage of the amended Homestead Law of 1860, by which act the time fixed for filing the declaration of homestead was one year, to wit: April 28th, 1861. This time was extended by the Act of 1861, to April 28th, 1862, and by the Act of 1862 it was still further extended to June 1st, 1862. The declaration of homestead in this case was filed on the sixteenth day of February, 1861, fully within the time fixed by the statute, and they are therefore entitled to its full benefits, having lost no rights whatever by a neglect to file it before. The fact that it was not filed until after the Sheriff's sale can make no difference. If any notice had been necessary, that served on the Sheriff, as well as the occupancy of the premises by the defendants, was sufficient for that purpose.

The respondent insists that the premises are the separate property of the wife, and therefore liable to be sold on execution for her debts, and no homestead claim can be established thereon. It appears that after the marriage these lots were conveyed to the husband by two separate deeds made at different times; but the same grantors, on the sixteenth day of July, 1859, the date of the last deed, also made a quitclaim deed to the wife for the same lots for the consideration of fifty dollars. She also filed in the Recorder's office an inventory of her separate property, dated December 5th, 1859, including the premises in controversy. The conveyance to her, being a deed of purchase and not of gift, did not constitute it separate property, but it was the common property of both. It is not, therefore, necessary for us to determine the question whether the separate estate of the wife can become the homestead, respecting which some doubts have been heretofore expressed by this Court. (8 Cal. 71; 14 Id. 474; 16 Id. 217.) The fact that she included it in her inventory of her separate estate does not operate as an estoppel upon her, even if the doctrine of estoppel applies to a married woman. The plaintiff was not thereby defrauded or injured in any way.

The pleadings and evidence sufficiently established the occupancy of the premises by the defendants as their home, but upon this point the findings of the Court are entirely silent. It seems that on a portion of the premises is a building used as a billiard saloon, barroom, and theater, and it may be questionable whether that portion

can be properly held as a homestead; but the remaining portion of the lots are clearly exempt from the execution, and the Court therefore erred in holding that the plaintiff was entitled to the possession of all the premises. The case will therefore have to be retried by the Court below, and this question can be duly investigated and determined.

The defendants, in their answer, set up that the Sheriff's deed to the plaintiff was a cloud upon their title, which they asked to have removed by the decree of the Court. This relief they will be entitled to when it is established what portion of the premises can be and what cannot be claimed by them as exempt under the Homestead Law. As to that portion found to be exempt, the decree should declare the Sheriff's deed invalid.

The judgment is reversed and the cause remanded.