[No. 11048. In Bank.—July 28, 1886.]

ANNIE SCHUYLER, RESPONDENT, v. R. J. BROUGH-TON, SHERIFF, ETC., APPELLANT.

HUSBAND AND WIFE—DEED TO MARRIED WOMAN—COMMUNITY PROPERTY—PRESUMPTION.—Real property conveyed to a married woman by a deed which shows on its face a consideration paid by her is presumed to have been purchased with community funds, and to be community property, and as such is liable for the debts of the husband. The presumption may be overcome by extrinsic proof that the consideration paid was the separate funds of the wife; but in the absence of such evidence, the presumption is absolute and conclusive.

ID.—MONEY BORROWED BY MARRIED WOMAN—INVESTMENT OF.—Money borrowed by a married woman to invest in real property during her marriage is community property, unless it be borrowed by her upon the faith of her existing separate property, which she mortgages or pledges as security for its payment, or against which her contract may be enforced.

ID.—CONSIDERATION FOR PURCHASE—PARTLY SEPARATE AND PARTLY BORROWED MONEY.—Real property purchased by a married woman in her own name, partly with money belonging to her separate funds, and partly with money borrowed by her for that purpose, becomes in part the separate property of the wife, and in part community property. In such a case, the wife becomes a tenant in common of the land with her husband in the proportion that the separate funds paid by her bear to the whole purchase price.

ID.—COMMUNITY INTEREST LIABLE FOR HUSBAND'S DEBTS.—Lands so purchased, so far as they are community property, may be taken in satisfaction of an execution against the husband.

APPEAL from a judgment of the Superior Court of Santa Barbara County.

The facts are stated in the opinion of the court.

*B. F. Thomas,* for Appellant.

*W. C. Stratton,* for Respondent.

McKEE, J.—By an execution issued upon a money judgment recovered on the 18th of February, 1884, by Henry Miller against W. H. Schuyler, the sheriff of Santa Barbara County levied upon a tract of land as the property of the judgment debtor. The land was afterward sold at execution sale according to law to the

judgment creditor, to whom the sheriff issued a certificate of sale, which entitled the purchaser to a deed if the land was not redeemed from the sale within the time allowed by law for that purpose. No redemption having been made within statutory time, the sheriff was about to execute and deliver to the purchaser a deed, when the plaintiff in this action, who is the wife of the judgment debtor, sued out an injunction to restrain the sheriff from executing and delivering such a deed, upon the ground that the land is her separate property, and was not subject to the judgment and execution against her husband, and that the deed, if executed and delivered, will create a cloud upon her title.

Admittedly, the land was acquired by the wife during marriage, and after the rendition of the judgment against her husband. But it was conveyed to her in her own name by a deed which on its face showed a consideration paid by the wife, and did not show that the land was conveyed to her to hold as her separate property.

Where real property has been conveyed to a married woman by a deed which shows on its face a consideration paid by her, the legal presumption is that the property was purchased by community funds, and became community property of the husband and wife; and as such it is liable for the debts of the husband. (*Riley* v. *Pehl*, 23 Cal. 70; *Ramsdell* v. *Fuller*, 28 Cal. 38; S. C., 87 Am. Dec. 103; *Peck* v. *Vandenberg*, 30 Cal. 11; *Peck* v. *Brummagim*, 31 Cal. 440; S. C., 89 Am. Dec. 195; *Vassault* v. *Austin*, 36 Cal. 691.)

It is true that the legal presumption which arises from the face of the deed may be overcome by extrinsic proof that the consideration paid was the separate funds of the wife (*McDonald* v. *Badger*, 23 Cal. 393; *Austin* v. *Faught*, 23 Cal. 241; *Landers* v. *Bolton*, 26 Cal. 393); but in the absence of such proof, the presumption is absolute and conclusive. (*Pixley* v. *Huggins*, 15 Cal. 129.) Presumptively, therefore, the land in controversy was the

common property of the husband and wife, and subject to the judgment and execution against the husband.

To overcome that presumption in this case, it was proved at the trial, and the court finds, that the wife purchased the property on the 16th of May, 1883, and paid therefor the sum of nine hundred dollars.

" That two hundred dollars of said money was acquired by plaintiff by gift and descent, and seven hundred dollars thereof was borrowed by her of her sister, who loaned the same to her for the purpose of paying a part of the purchase price of said real property; and plaintiff gave to her said sister a promissory note and mortgage upon said real property for the amount so borrowed, no part of which has been paid.

" That said W. H. Schuyler, the husband of plaintiff, did not sign said note or mortgage, and no part of the money paid for said real property was the separate property of said W. H. Schuyler, and no part of the money so paid was the community property of said W. H. Schuyler and plaintiff."

There is no doubt that property acquired after marriage by either husband or wife, by gift, bequest, devise, or descent, with its rents, issues, and profits, is the separate property of the spouse who acquires it (Deering's Annotated Civil Code, secs. 162, 163); and that àll other property acquired after marriage by either husband or wife, or both, is community property. (Deering's Annotated Civil Code, secs. 164, 687.) The sum of two hundred dollars, which the plaintiff, as the wife of W. H. Schuyler, acquired by gift, was therefore her separate property, and the land in which she invested that money was to the extent of the investment her separate real property. But the sum of seven hundred dollars, which she borrowed, was not acquired by gift, bequest, devise, or descent, nor was it rents, issues, or profits of property so acquired; it was money acquired by contract.

By the code law, a married woman is qualified to enter

into contracts as freely as if she were unmarried (Civ. Code, sec. 158), and the obligation which springs from any contract she makes is enforceable against her out of her separate property. (Civ. Code, sec. 170.) It follows that a married woman may borrow money to invest in real property, but money borrowed by her for that purpose during marriage will be regarded in law as community property, unless it be borrowed by her upon the faith of existing separate property belonging to her, which she mortgages or pledges as security for its payment, or against which her contract may be enforced.

In this case the money borrowed by the wife was not secured by mortgage lien or otherwise upon existing separate property of the wife. It appears that she had no separate property other than the two hundred dollars before she purchased the land. Under these circumstances she borrowed the seven hundred dollars, "for the purpose of paying a part of the purchase price of said real property." The money borrowed was therefore common property, and to the extent of the common fund the land in which she invested it was also common property, against which her separate contracts could not be enforced. (Civ. Code, sec. 170.)

We have, then, a case arising out of a transaction by a married woman, in which she purchased a tract of land in part with money belonging to her separate funds, and in part with money belonging to the community funds; so that the land became in part separate property of the wife, and in part common property of the husband and wife. Under the law, a husband and wife may acquire and hold real property in joint tenancy, tenancy in common, or as common property. (Civ. Code, sec. 161.) By the purchase, the wife therefore became a tenant in common of the land with her husband in proportion of the separate estate to the whole purchase price. (*Ewald v. Corbett*, 32 Cal. 498; *Estate of Holbert*, 57 Id. 259.)

Such being the case, the execution upon the judgment

against the husband ran against his interest in the land; and the purchaser at the execution sale became substituted to and acquired whatever interest the execution debtor had in the land (Civ. Code, sec. 700); so that he was legally entitled to a conveyance. It follows that the court below erred in holding " that no part of the money paid for the purchase of the land was common property."

Judgment and order reversed and cause remanded.

Ross, J., SHARPSTEIN, J., and THORNTON, J., concurred.

Rehearing denied.