[No. 6,675.—In Bank.]

# IN THE MATTER OF THE ESTATE OF JAMES HOLBERT, DECEASED.

INSTRUCTION—SEPARATE PROPERTY.—An instruction set forth in the opinion, *held* to be erroneous, being inapplicable to the evidence, and misleading to the jury. *Query:* It may be, that if a husband borrows money with the distinct understanding between him and the creditor that his separate property shall be liable for the debt, and the funds so borrowed have gone to pay for land purchased, the land is the separate property of the husband.

ESTOPPEL—FINDING.—There can be no estoppel by verdict or findings of fact until a judgment has been entered thereon.

APPEAL from a judgment in the Probate Court of the County of San Joaquin. BUCKLEY, J.

The judgment distributed the property to the devisees as separate property, and the representatives of the wife appealed.

*Byers & Elliott,* for Appellant.

The repayment of the borrowed money could not affect the status of the land. If it was community property when bought, it did not lie in Holbert's power to change the status by paying the borrowed money out of his separate estate. The borrowed money, being a community debt, was entitled to be paid out of the community property before the separate debt of the husband. (Schouler's Dom. Rel. § 14; *Jones* v. *Jones,* 15 Tex. 143; *Packard* v. *Arellanes,* 17 Cal. 539.)

Again: a husband cannot change the status of property at will. It cannot be that Holbert had the power to make property bought after marriage separate property, by paying the borrowed money with his separate funds, if he found the purchase a profitable one, or permit it to remain common, if he considered it to his advantage to keep his separate funds to himself. A married man who is about to be divorced, and finding his purchase greatly increased in value, could defeat his wife's interest in the purchase if this were the rule.

The rule in Louisiana, under a statute like ours, is to treat all property acquired after marriage as community, in any event, unless the intent to make it a separate investment is expressly manifest. (*Johnson* v. *Bordeton,* 14 La. An. 618; *Young* v.

*Young*, 5 id. 611; *Bass* v. *Larchie*, 7 La. 104; 30 La. An. part 1st, 278; 27 id. 522; *DeBlane* v. *Lynch*, 23 Tex. 25; *Cook* v. *Bremond*, 27 id. 457; *Love* v. *Robertson*, 7 id. 6; *Dixon* v. *Dixon*, 2 La. An. 188.)

*J. H. Budd*, and *F. T. Baldwin*, for Respondents.

The funds which paid for the property must have been community funds or Holbert's separate funds.

It appears from the above findings of the jury, as well as from the evidence of Fairchild and Johnson, that there were no community funds, but that there were funds the separate property of Holbert.

MYRICK, J.:

This is an appeal from a decree of distribution made by the Probate Court. The devisees of the testator claim that the property in controversy was his separate property; on the other hand, the representatives of the wife (now deceased) of the testator claim that the property was the community property of the spouses.

The evidence and the admitted facts are brief, and appear in the bill of exceptions.

July 5th, 1866, James Holbert (the deceased) intermarried with Frances Holbert; December 13th, 1866, James Holbert purchased the real estate in controversy for the sum of $2,000; in March, 1866, he had loaned $3,000 to one Fairchild; and at the time of the purchase, the money loaned to Fairchild not having been repaid, he borrowed of one Johnson $1,800, which went to the vendor in part payment of the purchase-money. A few months after, he repaid the money to Johnson. This was not far from the time that Fairchild paid his debt—about March 15th, 1867.

There had been some proceedings had for a partial distribution, upon which the Court filed findings; but it does not appear that a decree was entered upon the findings, nor that the parties now in this controversy were before the Court, nor that the Court had obtained jurisdiction to hear evidence regarding a partial distribution. The defendant offered these

findings in evidence. The Court sustained plaintiff's objection, and excluded the evidence. We see no error in the ruling. The evidence offered does not show upon its face matters that would constitute an adjudication upon the rights of the parties; and in the absence of such showing, we do not think that the findings were competent evidence.

The following issues were submitted to the jury:

1. Did James Holbert purchase, after his marriage with Frances Holbert, the following land (describing it)?

2. Did James Holbert pay for the said land out of property he had before marriage?

The Court instructed the jury:

"If you believe from the evidence that James Holbert, at the time he purchased the real estate mentioned in the first question, intended to pay for the same with money he had prior to his marriage with Frances Holbert, and that he borrowed money to pay for said land on the strength of credit created entirely by the value of his separate property that he had before his marriage, and that he did purchase said land with the money so borrowed, and that he afterwards repaid the money so borrowed with money he had prior to his marriage, and which was his separate property, then the jury should answer the second question, yes."

The jury returned the answer, yes, to each of the issues.

There was no evidence to go to the jury upon which they were authorized to find that Holbert borrowed money upon the strength of credit created entirely by his separate property. There was nothing to show that the borrower intended to allow a debt to be created other than one of the ordinary character, for which the whole estate was liable according to law, as in case of other debts. The instruction was abstract, and tended to mislead the jury.

It may be, that, if Holbert had borrowed the money of Johnson with the distinct understanding between them that the separate property of Holbert was to be liable for the debt created, and the funds so borrowed had gone to pay for the land purchased, the land would have been the separate estate of Holbert; but no such case is before us.

At a subsequent day to which further hearing had been post-

poned, the defendants offered in evidence to the Court the will of Frances Holbert, showing Louisa Lynn to be the sole devisee of said Frances; the petition of E. M. McCaleb, administrator of the estate of Frances Holbert, praying that the share of the estate of James Holbert belonging to Frances Holbert be set over to him, alleging that the debts of James Holbert had been paid, and that the property was common property; the objections to the petition by the administrator of James Holbert; and the findings of the Court upon the hearing of the petition and objections, which findings were the same before referred to. The Court refused to receive the testimony.

We cannot see that the defendants were prejudiced by this ruling. The petition, objections, and findings alone were offered. It does not appear that any decree had ever been rendered upon the findings. The only purpose of the offer was to show an estoppel; and as no judgment had been entered, we cannot see that there was any estoppel. There can be no estoppel by verdict or findings of fact until a judgment or decree has been entered upon such verdict or findings. (2 Smith's Lead. Cas. 826, ed. of 1866; *Duchess of Kingston's Case.*) This is true, even though the Court had jurisdiction to try the matter and make the findings.

We think the Court erred in giving the instruction above stated as having been given. We also think that the evidence did not justify the verdict.

Judgment reversed, and cause remanded for a new trial.

MORRISON, C. J., and THORNTON, J., concurred.

McKINSTRY, J., concurring:

I concur in the judgment, upon the ground that the instruction referred to by Mr. Justice MYRICK was error.

SHARPSTEIN, J., concurred in the judgment.