[No. 13732.    Department One. — November 5, 1890.]

## MARTHA M. FLOURNOY, APPELLANT, *v.* ROBERT S. FLOURNOY, RESPONDENT.

HUSBAND AND WIFE — PURCHASE BY WIFE — LOAN BY HUSBAND — SEPARATE PROPERTY. — Where a husband loans money to his wife to make a part payment upon the purchase price of certain real estate bought by her, there being no intention that he should, by virtue of such loan, become a part owner in the land, but the intention of both parties being that the property should be her separate property, to be paid for out of separate property which she then owned, such loan gives the husband no interest in the land, as between the husband and wife, but the whole thereof becomes her separate property.

ID. — MONEY RAISED BY JOINT MORTGAGE ON WIFE'S SEPARATE PROPERTY. — Where a wife, to whom real estate had been conveyed as her separate property, joins with her husband in a note and mortgage upon the land, to raise money to pay off a prior mortgage thereon, the money thus realized is her separate property.

ID. — DEED TO WIFE — ESCROW — PURCHASE-MONEY — VOLUNTARY PAYMENT BY HUSBAND — ADVANCEMENT. — Where the deed to a wife of property purchased by her as her separate estate is delivered in escrow till the whole purchase price is paid, the voluntary payment by the husband of the balance due on the property out of his own separate funds, without her knowledge or consent, accrues to the wife, and gives the husband no right or interest in the property. The husband cannot, by such payment, convert the separate property of the wife into community property, and the payment will be deemed an advancement for her benefit.

ID. — DEALINGS BETWEEN HUSBAND AND WIFE — INTENTION OF PARTIES — SEPARATE PROPERTY OF WIFE. — In dealings between husband and wife, the intention of the parties is of paramount importance, where the question as to the effect of a conveyance of real estate arises between themselves; and where it appears that a conveyance to the wife was intended, as between the husband and wife, to vest the title to the property in her as her separate estate, the courts will respect their intention, and, as between themselves, will uphold her title to the property, although the legal effect of the purchase and conveyance would, independent of such intention, make the property community.

APPEAL from a judgment of the Superior Court of San Diego County.

The facts are stated in the opinion of the court.

*L. L. Boone,* and *Hunsaker & Britt,* for Appellant.

The first payment, of six hundred dollars, was money borrowed by the wife, which she promised to repay, and which was expected by the lender to be repaid out of her separate estate. She had ample separate estate to pay it. It was a contract respecting property such as a married woman may make, either with her husband or any other person, and she was bound for its performance to the extent of her separate property. (Civ. Code, sec. 158; *Alexander* v. *Bouton,* 55 Cal. 15; *Goad* v. *Moulton,* 67 Cal. 540; *Marlow* v. *Barlew,* 53 Cal. 456.) Money borrowed by the wife upon the faith of existing separate property against which her contract may be enforced

will be her separate property. (*Schuyler* v. *Broughton,* 70 Cal. 282.) But there is another principle upon which this six hundred dollars should be regarded as the wife's separate estate. It would seem that property acquired by the wife of her husband will be her separate property. (*Schuler* v. *Savings Society,* 64 Cal. 397; *Taylor.* v. *Opperman,* 79 Cal. 468.) The circumstance of the husband joining in the note and mortgage need not be taken into consideration. So far as the separate estate of the wife was concerned, he was entitled to nothing for this act, and could obtain no rights in the property thereby. (*Martin* v. *Martin,* 52 Cal. 237; *Beaudry* v. *Felch,* 47 Cal. 183.) One who voluntarily pays the debt of another, without request or legal obligation, cannot recover of the other, except upon an express promise. (1 Parsons on Contracts, 501; 2 Greenl. Ev., secs. 113, 114; *Brown* v. *Ayers,* 32 Cal. 527; 91 Am. Dec. 655; *Moulton* v. *Loux,* 52 Cal. 81; *Curtis* v. *Parks,* 55 Cal. 106; *Beckman* v. *Wilson,* 61 Cal. 335.) The payment may be regarded as an advancement for the improvement of the wife's estate, and accrued to whatever estate she had. (*Peck* v. *Brummagim,* 31 Cal. 441; 89 Am. Dec. 195; *Swain* v. *Duane,* 48 Cal. 359.) The wife being the owner of an equitable estate, the husband cannot convert it into community by paying from his own funds the sums necessary to obtain the legal title. (*Morgan* v. *Lones,* 80 Cal. 317; *Fuller* v. *Ferguson,* 26 Cal. 566; *Noe* v. *Card,* 14 Cal. 600.) If a husband purchase an estate, and pay for it out of the common property, and cause it to be conveyed to the wife, with intent that it shall become her separate estate, the transaction will operate and be upheld as a gift from the husband to the wife. (*Higgins* v. *Higgins,* 46 Cal. 264; *Woods* v. *Whitney,* 42 Cal. 359.) The law having attached no uniform operation to a purchase by the husband out of his separate funds in the name of the wife, the question of the intention of the husband in so taking the deed becomes

of paramount importance, for upon that depends its operation. The inference of law is, that by such act he intended an advancement or provision for his wife. (*Smith* v. *Strahan*, 16 Tex. 315; 67 Am. Dec. 622; *Peck* v. *Vandenberg*, 30 Cal. 38.)

*Capps & Montgomery*, for Respondent.

The plaintiff and defendant, at the time of the purchase of the real estate, were husband and wife, and all property purchased by them, or either, is community property, and whichever of them claims it as separate property must make it clearly appear that the same was purchased with his or her separate funds. (Civ. Code, sec. 164; *Meyer* v. *Kinzer*, 12 Cal. 247; 73 Am. Dec. 538.) And this presumption arises whether the grant or deed be made to them jointly or to either individually. (*Meyer* v. *Kinzer*, 12 Cal. 247; 73 Am. Dec. 538; *Pixley* v. *Huggins*, 15 Cal. 134; *Parker* v. *Chance*, 11 Tex. 517.) Being husband and wife, and dealing in a fiduciary capacity with each other, and the plaintiff not having secured the payment of the amount borrowed from the defendant by mortgage on her separate property, to the defendant, and it not appearing that the same was ever repaid to the defendant, an interest in said premises accrued to the defendant to the amount of six hundred dollars. (*Schuyler* v. *Broughton*, 70 Cal. 282.)

WORKS, J.—This is an action brought by a wife against her husband to recover upon a promissory note, and for money had and received. The defendant set up a counterclaim for money loaned. The court below found in favor of the plaintiff on the note, and for a part of the amount claimed by her for money had and received, and allowed the defendant a part of his counterclaim. The plaintiff appeals on the judgment roll. There is no controversy as to the correctness of the finding and judgment upon the note and the counterclaim. The contest

is as to the amount allowed the plaintiff for money had and received. The real matter of controversy is as to the character of certain moneys claimed by the wife, whether the same was her separate estate or community property.

The facts, as disclosed by the findings, are these, in substance: That certain real estate was sold to the plaintiff for $4,750, and a deed therefor executed to her; that it was the intention and expectation of the parties that the consideration therefor should be paid by the plaintiff out of her separate estate, and that thereupon the property should be her separate property; that, on the day said real estate was purchased, the defendant loaned the plaintiff $600, which sum was by the defendant, at the instance of the plaintiff, paid to the party who conveyed said property to the plaintiff, and, as a part of the consideration therefor, that the plaintiff promised to repay said sum to defendant, and defendant expected the same to be paid out of her separate property; that the plaintiff, at that time, had separate property of the value of between $7,200 and $9,200; that, upon the payment of said $600, a deed for the property was delivered in escrow till the balance of the purchase price should be paid; that, afterwards, the plaintiff paid upon the property, of her separate funds, $2,000; that said deed contained a covenant on the part of the plaintiff to pay off a mortgage standing against said property for $1,000; that plaintiff and defendant borrowed $3,000, and gave their joint note therefor, and joined in a mortgage on said property to secure the payment thereof; that $2,000 of said sum was paid to the plaintiff, and $1,000 thereof applied to the payment of the mortgage for that amount, which she had covenanted to pay; that the balance of the consideration for the property purchased by the plaintiff, $1,150, was paid by the defendant out of his own separate estate, without the request or knowledge of the plaintiff, and thereupon the deed was taken out of

escrow and recorded; that, afterwards, said property was sold for $6,500. The purchaser assumed the $3,000, and paid the balance in cash at divers times to the defendant, no part of which has been paid to the plaintiff.

The question presented under these findings is, How much of the money thus received, and not paid over to the plaintiff, was her separate estate? and how much of it, if any, was community property? The court below held, as a conclusion of law, that the plaintiff was entitled to recover of the defendant, on account of the moneys thus received, and not paid over, $933.33, and, as against this sum, allowed the defendant an offset of $160 on an account stated, and the sum of $594.40 for money loaned. By what rule of law or what process of reasoning the court found that for three thousand five hundred dollars, collected and appropriated by the defendant, he was only bound to pay less than one third of that sum, we are not informed by the findings and conclusions of law. We suppose, however, that the court came to the conclusion that all of the money realized by the defendant from the land purchased by the plaintiff was community property, except what was actually paid by her therefor out of her separate property, and the proportionate increase in the value of the land at the time it was sold by her. The position taken by the respondent in this court is, that, as to the six hundred dollars loaned to the plaintiff by the defendant to make the first payment, they were dealing with each other in a fiduciary capacity, and as she gave no mortgage on the property to secure its repayment, it was, in effect, a payment made by the defendant on the land, and gave him an interest therein to that extent. But it must be remembered that this is a question wholly between the husband and wife; that the court finds that he loaned her the money, to be repaid out of her separate estate; and that such was the intention of the parties. The effect of the respondent's position is to convert this loan of money by the defend-

ant into an investment, on his individual account, in real estate, against the express understanding and intention of the parties. It is, in effect, to say that by loaning to the wife he could hold her liable to him on her contract to repay him the money loaned, and yet hold an interest in the land to the extent of such loan, with the right to sell the same without her consent; or, putting it differently, the loan of the defendant to his wife was a loan to himself, in spite of their agreement to the contrary, and he could recover from her the amount loaned,—for that was their contract,—and yet hold an interest in the land to the same extent, because, according to the respondent's contention, that was the legal effect of his making the payment without taking a mortgage on the land to secure its repayment. Such a construction of the law would certainly not offer great inducements for a married woman to call upon her husband for aid where her separate property was in danger.

The case of *Schuyler* v. *Broughton*, 70 Cal. 282, gives some countenance to the respondent's claim, to the extent that it is there held that money borrowed by a married woman to invest in real estate, during her marriage, is community property, unless it be borrowed by her upon the faith of her existing separate property, *which she mortgages or pledges as security for its payment, or against which her contract may be enforced.* That part of the doctrine announced in the case cited which appears in Italics may well be doubted, but, in any event, we are not inclined to apply it to a case of this kind, where the question arises between the husband, who made the loan, and the wife, who received it, and where such a construction of the contract between them would defeat the intention of the only persons who were parties to the transaction, and who alone can be affected by a decision of the question. The parties dealt with each other as if they were unmarried. There was no inten-

tion that the husband should, by virtue of the payment made by him, become a part owner in the land. The intention was, that it should be her separate property, and so it must be held to be. (*Schuler* v. *Society*, 64 Cal. 397; *Taylor* v. *Opperman*, 79 Cal. 468.)

As to the two thousand dollars paid by the wife out of her separate estate, there can be no question as to her having a separate estate in the land to that extent. Up to the time, therefore, that the three thousand dollars was borrowed, the money invested in the property was her separate estate, and the defendant had no interest in it. This being so, the money borrowed was borrowed " on the faith of her existing separate property, and secured by mortgage," and even under the strict rule laid down in *Schuyler* v. *Broughton*, 70 Cal. 282, the money thus realized became her separate property, and the one thousand dollars used to pay off and satisfy the mortgage standing against the property gave her a further separate estate therein to that extent. The fact that the defendant joined in the note and mortgage given to secure the repayment of the money borrowed does not affect the question. The real security was her separate property; the one thousand dollars was invested in the property, and the balance of the money went to her, and was legally hers. (*Martin* v. *Martin*, 52 Cal. 235; *Beaudry* v. *Felch*, 47 Cal. 183.) It is equally clear to us that the amount of $1,150 paid by the defendant as the balance due on the property out of his own separate funds accrued to the interest of the plaintiff in the land. Up to that time, the land was wholly her separate estate. It was the intention and understanding of the parties that she should pay for the property out of her separate estate. The husband could not, by voluntarily paying the balance due on the property, convert it into community property to that extent. His payment, being voluntary, and without her knowledge or consent, could give him no right or interest in the property, or change

it from separate to community property. (*Morgan* v. *Lones,* 80 Cal. 317.

To give it such an effect would be to violate the express understanding and intention of the parties, and hold the plaintiff liable for an obligation which she never incurred. This we cannot do. (*Moulton* v. *Loux,* 52 Cal. 83; *Curtis* v. *Parks,* 55 Cal. 106.) It must rather be presumed that it was the intention of the husband to advance the money paid for the benefit of the wife's separate estate, and that it was intended to accrue to her benefit. (*Peck* v. *Brummagim,* 31 Cal. 441; 89 Am. Dec. 195; *Swain* v. *Duane,* 48 Cal. 358.) In dealings of this kind, the intention of the parties is of paramount importance, where the question as to the effect of a conveyance of real estate arises as between themselves; and where it appears that a conveyance to the wife was intended, as between the husband and wife, to vest the title to the property in her as her separate estate, the courts will respect the intention of the parties, and, as between themselves, uphold her title to the property, although the legal effect of the purchase and conveyance would, independent of such intention, vest the title in the community. (*Woods* v. *Whitney,* 42 Cal. 358; *Peck* v. *Brummagim,* 31 Cal. 441; 89 Am. Dec. 195; *Higgins* v. *Higgins,* 46 Cal. 263; 2 Devlin on Deeds, secs. 1168, 1169.) For these reasons, we are constrained to hold that the whole of this property was the separate estate of the plaintiff, that the whole of the purchase-money realized from its sale belonged to her, and that she was entitled to recover the full amount thereof collected by the defendant and converted to his own use.

Judgment reversed, with instructions to the court below to modify its conclusions of law in conformity to this opinion, and render judgment in favor of the plaintiff accordingly.

Fox, J., and PATERSON, J., concurred.