[L. A. No. 5297.   Department Two.—February 3, 1920.]

JULIA F. MOULTON, Plaintiff and Appellant, v. ERNEST F. MOULTON, Executor, etc., Defendant and Respondent; THE FIRST NATIONAL BANK OF RIVERSIDE (a Corporation), et al., Interveners and Respondents.

[1] HUSBAND AND WIFE—LOAN TO WIFE—CHARACTER OF MONEY.—A married woman may borrow money to invest in real property, but money borrowed by her during marriage for that purpose will be regarded in law as community property, unless it be borrowed by her upon the faith of existing separate property belonging to her.

[2] ID.—INVESTMENT BY HUSBAND OF MONEY RECEIVED FROM WIFE—CHARACTER OF—FINDINGS SUSTAINED BY EVIDENCE.—In this action

---

2. Resulting trust as arising from purchase in name of one spouse with funds furnished partly by each spouse, notes 127 **Am. St. Rep.** 258; Ann. Cas. 1915D, 654.

Resulting trust as arising from purchase by husband in his own name with wife's money, notes, 127 **Am. St. Rep.** 256; 6 L. R. A. (N. S.) 381; **Ann. Cas.** 1915D, 625; 26 L. R. A. (N. S.) 161.

by a surviving wife against the administrator of the estate of her deceased husband to impress a resulting trust in her favor upon certain real property, on the theory that part of the sum paid as consideration for such property was money received by her from a loan upon her personal credit, it is held the evidence sustains the findings that no part of the consideration paid by the deceased for the property was the separate property of the plaintiff.

[3] RESULTING TRUST—EVIDENCE—NATURE OF PROOF.—Where a resulting trust in property is claimed, it is incumbent upon him who asserts that such a trust exists in his favor to establish the fact by clear and convincing evidence.

APPEAL from a judgment of the Superior Court of Riverside County. Hugh H. Craig, Judge. Affirmed.

The facts are stated in the opinion of the court.

Richard L. North and Oscar T. Barber for Plaintiff and Appellant.

McFarland & Irving for Defendant and Respondent.

Purrington & Adair and Loyal C. Kelley for Interveners and Respondents.

KERRIGAN, J., *pro tem.*—This action was brought by plaintiff to impress a resulting trust in her favor upon certain real property.

Plaintiff is the surviving wife of Ernest S. Moulton, deceased, and the defendant is the administrator of his estate. The complaint alleges that decedent during his lifetime received from her a certain sum of money which was her separate property and which, with her consent, was invested by deceased in certain business property situated in the city of Riverside, state of California, the title to which was taken in his own name, in trust, however, for plaintiff. The money so received, it is alleged, was part of the sum paid as consideration for such property, and plaintiff prays for a decree establishing her interest and requiring the executor to execute a deed for the same to her of the share claimed. By leave of court the First National Bank of Riverside, a corporation, filed its complaint in intervention, substantially denying all of plaintiff's allegations and alleging that decedent, during his lifetime and subsequent to the acquisition

by him of the property, became indebted to it on five promissory notes, upon which the sum of twenty-five thousand, five hundred dollars remained due and unpaid at the time of his death, and for which a claim was thereafter presented to and allowed by the executor of his estate. Intervener further alleges that at the time of the making of the notes and continuously up to the date of his death decedent held the legal title to the property in question, and by the records of the county appeared to be the sole owner thereof and had so appeared from the time of the acquisition by him of the property, and that at no time did intervener have nótice or knowledge that any other person claimed any right or title thereto other than lien claimants, and that decedent had caused the property to be assessed to himself; that he had paid the taxes thereon, rented and leased the same, and claimed to intervener to be the owner thereof. Further allegation was made that deceased was the president of the intervener bank, and had the management of its financial affairs. A similar complaint in intervention was filed by one Hugh A. Bain, based upon a note of five thousand dollars, which sum it is alleged was loaned to deceased with plaintiff's knowledge, and that plaintiff had never informed intervener of her asserted interest in the property until after the death of her husband.

The evidence presented at the trial was substantially without conflict, and may be stated in substance as follows: ·Deceased during his lifetime was the president and financial manager of the First National Bank, one of the interveners herein. Plaintiff, his wife, was possessed of a separate estate estimated by her to be of the value of about thirty-five thousand dollars. On or about December 15, 1909, plaintiff had on deposit with the intervener bank about one thousand seven hundred dollars. On that day she applied for and received from said bank the sum of twenty-seven thousand, five· hundred dollars, for which she gave her promissory note. The application for the loan was received, approved, and made by her husband alone, and the entire proceeds thereof were by him credited to his own personal account. A few days prior thereto he had entered into an agreement to purchase the property in question for the sum of thirty-one thousand dollars, subject to a mortgage of fifteen thousand dollars, and paid five hundred dollars as deposit and part

payment thereon. It was shown that the personal account of decedent during the month of December, 1909, fluctuated considerably. On the seventh day of that month he had a balance of $2,636.55. There were several deposits made to his credit on the 15th of December, one for $140, another for $28,750 and a third of $1,544.03. His balance at the opening of business of the bank on the last-named day was $1,729.78, and at the close thereof was $32,163.81. It also appeared that the largest deposit of the 15th was made up almost wholly from the proceeds of the note for twenty-seven thousand five hundred dollars given on that day to the bank by plaintiff and which deceased credited to his personal account. It was stipulated that the vendor of the property received from the decedent a check for thirty thousand five hundred dollars on December 15th, and that the deed to the property was delivered the same day.

It thus appears conclusively that the funds borrowed by the wife in the manner indicated entered largely into forming the balance of the purchase price of the property. It was also shown that subsequent to acquiring the property deceased and plaintiff executed a new mortgage for the sum of twenty thousand dollars, and decedent, with plaintiff's consent, satisfied the old existing mortgage from the proceeds of the new mortgage, and appropriated the balance of five thousand dollars to his own use, and that the new mortgage of twenty thousand dollars is now a lien against the property.

It further appears from the evidence that the ordinary method of making loans of any magnitude by intervener bank was to have a finance committee, composed of three of the directors, pass upon the advisability of making them, and, if approved by that committee, they were made and submitted at the next meeting of the board of directors for approval. The loan committee, at the time of the giving of the note in question, was composed of Ernest S. Moulton, deceased, J. A. Simms and G. O. Evans, but the loan in question was not presented to the committee for consideration, and the members thereof, other than deceased, knew nothing of it at the time it was made. The note was not secured nor was it indorsed or guaranteed by anyone. Simms and Evans both testified that unsecured loans were usually made solely upon the credit of the borrower. Aside from the fact of plaintiff's deposit in the bank above referred to, it does not appear that either of these members had any knowledge that

plaintiff was possessed of any separate property. Evidence was offered to show that a part of the indebtedness to the bank was repaid by plaintiff. Objection was made to the competency of this evidence and to its relevancy and materiality, and the ruling upon the objection so made was reserved, and the evidence received subject to the right to strike it out if it should be determined that the objection was well taken. The objection was based upon the theory that in cases where a resulting trust is sought to be established by showing that the alleged trust property was purchased with funds of the person seeking to establish the trust, it must appear that the trust was coeval with the deed for the trust property, and that all such payment relied upon must be shown to have been made at or before the date of the purchase of the property. No direct ruling was made by the court upon this evidence, but it would seem from the record that it was fully considered by the trial judge in reaching his conclusion in the case.

Under these facts the trial court found in favor of interveners, and plaintiff appeals from the judgment.

The important question presented for consideration is whether or not the proceeds of the note given by plaintiff under the circumstances narrated constituted her separate property.

The question of the character of money realized from a loan made by a wife has been considered by this court in several decisions. (*Schuyler* v. *Broughton,* 70 Cal. 282, [11 Pac. 719]; *Flourney* v. *Flourney,* 86 Cal. 286, [21 Am. St. Rep. 39, 24 Pac. 1012]; *Hency* v. *Pesoli,* 109 Cal. 53, [41 Pac. 819]; *Dyment* v. *Nelson,* 166 Cal. 38, [134 Pac. 988]; *Nilson* v. *Sarment,* 153 Cal. 524, [126 Am. St. Rep. 91, 96 Pac. 315].) [1] The principle established in the cases cited is to the effect that a married woman may borrow money to invest in real property, but money borrowed by her during marriage for that purpose will be regarded in law as community property, unless it be borrowed by her upon the faith of existing separate property belonging to her. If, therefore, the loan was made to plaintiff and the credit extended to her upon the faith of her existing separate property, there can be no doubt it constitutes her separate property under the rule announced by this court, and that a resulting trust was created in the property in her favor *pro*

*tanto* to the extent that the portion of the consideration fur-
nished by her bears to the whole.

[2] We are of the opinion, however, that the loan was
not made upon her personal credit, and that the evidence
fully sustains the findings of the trial court that no part of
the consideration paid by the decedent for the property was
the separate property of the plaintiff. The circumstances
under which the loan was made were unusual. The appli-
cation was not submitted to the finance committee, as was
customary, except in the case of small loans, and the mem-
bers thereof, with the exception of deceased, knew nothing of
the matter. The note was unsecured, and was not indorsed
or guaranteed, and there is no evidence to show that the
members of the committee, other than decedent, had any
knowledge that plaintiff was possessed of any separate prop-
erty. In addition thereto, plaintiff's testimony concerning·
the value of her separate estate at the time the loan was
made is far from satisfactory, and there is nothing therein
contained which would justify a carefully managed bank in
making a loan of the amount here involved upon the security
she possessed. Nor does the fact that the loan was subse-
quently approved by the directors aid plaintiff in her case.
When this action was taken by them the loan had already
been made and the proceeds applied to the purchase of the
property. The evidence as a whole indicates that the trans-
action was entered into by deceased for his sole benefit. [3]
Where a resulting trust in property is claimed it is incum-
bent upon him who asserts that such a trust exists in his
favor to establish the fact by clear and convincing evidence.
We do not think that the record presents such proof.

Considering the conclusion we have reached, the question
of equitable estoppel raised by the pleadings becomes un-
important.

The judgment is affirmed.

Lennon, J., and Wilbur, J., concurred.

Hearing in Bank denied.

All the Justices concurred.