[L. A. No. 10205. Department Two.—February 21, 1928.]

In the Matter of the Estate of GEORGE B. ELLIS, Deceased. PRAY ELLIS, Appellant, v. MARY GERTRUDE McDOWELL et al., Respondents.

Walter J. Little and Wm. B. Gilroy for Appellant.

Denio, Hart, Taubman & Simpson for Respondents.

SHENK, J.—This is an appeal from that portion of a decree of distribution in the matter of the estate of George B. Ellis, deceased, which orders one-fourth only of a cash item of $22,126.43 distributed to Pray Ellis, the surviving widow and appellant herein.

Prior to July 14, 1923, the decedent was a widower having adult children and minor grandchildren. On that day he married the appellant. On November 1, 1924, he died. He left a will whereby he bequeathed one-fourth of his estate to his widow and the remaining three-fourths to his children by the former marriage and to his grandchildren. The estate was originally inventoried at $137,245.74, and it is not questioned but that this estate was the separate property of the decedent. A controversy arose on petition for distribution as to the character of 210 shares of stock of Associated Telephone Company, subsequently inventoried, which on a sale by the executrices netted $22,126.44. It is con-

tended by the appellant that the proceeds of this sale are community property and should be distributed one-half to her as her share of the community and the other half in accordance with the provisions of the will, to wit, one-fourth to her and three-fourths to the children and grandchildren. The respondents claim that the stock was the separate property of the decedent. The circumstances surrounding the acquisition of the stock by the decedent were stipulated to be the following: "That in December, 1923, an arrangement was entered into between four parties, Mr. Fishburn, Mr. Heffley, Mr. Ellis and Mr. Judkins, whereby they had issued by the Associated Telephone Company 843 shares of its capital stock; that those shares of stock were issued in three certificates and were issued in the names of three banks, the First National Bank of Long Beach, the First National Bank of Los Angeles, and the Hellman Commercial Trust & Savings Bank of Los Angeles; that as a part of the same transaction and consummated at the same time these four men either executed as makers or as guarantors, three promissory notes to these banks; that the stock was pledged or held as security for these notes; that none of these men paid anything to the Associated Telephone Company for the stock except the money they received from the banks by signing their notes and putting this stock up as collateral; that that situation remained until the death of Mr. Ellis and that at no time from the date in December, 1923, until Mr. Ellis died, were any payments made on those notes except that the money which was derived from dividends paid on the stock was credited to the payment of the interest on the notes and in a very slight degree to reduce the principal. That these three notes were signed by Mr. Heffley and guaranteed by a separate instrument by the other three gentlemen named; that there was a verbal agreement between these four men to the end that they would use this stock to make some money out of."

The trial court found that "said loan, as far as said Geo. B. Ellis was concerned, was made upon the faith and credit of his separate property, and his financial standing with said banks, at the time of entering into said agreement, for the purchase of said stock." The appellant contends that this finding is not supported by evidence sufficient to overcome

the presumption that property acquired by the husband after marriage is community property, and cites *Estate of Holbert,* 57 Cal. 257, and *Moulton* v. *Moulton,* 182 Cal. 185 [187 Pac. 421]. In each of these cases, however, it appeared that there was no evidence showing that the loan was made on the personal credit of the spouse owning the separate property. In the Holbert case the court said, at page 259: "There was no evidence to go to the jury upon which they were authorized to find that Holbert borrowed money upon strength of credit created entirely by his separate property." In the Moulton case, in holding that the loan was not made upon the wife's personal credit, the court said: "The note was unsecured and was not endorsed or guaranteed, and there is no evidence to show that the members of the [loan] committee, other than decedent, had any knowledge that plaintiff was possessed of any separate property." Both of these cases recognize the general rule that the proceeds from a loan made to a spouse on the credit of his or her separate property are the separate property of that spouse. (See cases cited in *Moulton* v. *Moulton, supra,* at page 189.)

In the present case there is evidence to support the trial court's finding. The appellant was not known in any way in the transaction. All of the property owned by the decedent was his separate property. In addition to the impelling inference from other portions of the record that his guarantee was accepted on the faith and credit of his separate property, there is direct evidence that the guarantee was accepted on the financial standing of the decedent. One of the officers of the First National Bank of Long Beach testified: "I had a guarantee with this note signed by J. E. Fishburn and George B. Ellis; . . . we took the note of Sam R. Heffley, inasmuch as we loaned practically the market value we took the guarantee of Mr. Ellis and Mr. Fishburn as security. . . . At the time we loaned Mr. Heffley this large sum of money he was manager and I think vice-president of the Associated Telephone and had been for years. He was a man on a salary down at the city of Long Beach, and the people we had guarantee these notes were men of large financial interests, Mr. Fishburn and Mr. Ellis."

It is clear from the record that the credit was extended on the faith of the separate property of the decedent existing at the time the loan was made. The court was therefore correct in finding that the cash item in the estate and over which this controversy arose was the separate property of the decedent.

The judgment is affirmed.

Richards, J., and Langdon, J., concurred.

Hearing in Bank denied.

All the Justices present concurred.