[Civ. No. 515. Fourth Appellate District.—April 9, 1931.]

ANNA L. STEWART, Appellant, v. EDWARD T. STEW-
ART, Respondent.

D. Joseph Coyne for Appellant.

Albee & Watkinson for Respondent.

MARKS, J.—Appellant commenced this action to quiet her title to an interest in real property situated in the county of Los Angeles, state of California. Respondent denied any title or interest in the property in appellant and alleged title in himself. He filed a cross-complaint in which he sought to quiet title to the property in himself. The

court found against appellant and in favor of respondent and entered judgment quieting title to the property in respondent. From this judgment appellant has prosecuted this appeal.

It appears from the pleadings and evidence that the parties hereto were married at Lexington, Missouri, on April 16, 1891, and were divorced at Kansas City, Missouri, October 16, 1906. They were remarried at Los Angeles, California, on August 8, 1908. After two unsuccessful attempts to secure another divorce, an interlocutory decree of divorce was entered in favor of Edward T. Stewart against Anna L. Stewart on July 22, 1919, in Los Angeles County. A final decree of divorce was entered on the twenty-sixth day of July, 1920. Neither decree mentioned nor attempted to divide any community property.

On January 21, 1909, respondent acquired by purchase the real property which is the subject of this action. Appellant maintains that the property having been acquired by purchase during coverture became community property and that upon the dissolution of the marriage relation she and respondent became the owners of this property as tenants in common, each being vested with a one-half interest therein. It is her contention that the finding of the trial court that the real property when acquired by respondent was not community property but was his sole and separate property, is not supported by the evidence and is contrary to the evidence. It is her contention that the presumption created in her favor by section 164 of the Civil Code was not overcome by clear and satisfactory evidence and that therefore the judgment of the trial court must be reversed.

The character and sufficiency of the evidence to overcome such presumptions as are raised by this section were discussed in the case of *Simonton* v. *Los Angeles Trust & Sav. Bank,* 205 Cal. 252 [270 Pac. 672, 675], where it was said:

"It is difficult if not impossible to state just what *quantum* of evidence is necessary to overcome or dispute such presumption; practically the whole question depends upon the character or circumstances of the particular case. If the rights of a creditor are involved the court may, and indeed generally does, look with a watchful eye upon all

transactions between husband and wife. Where, however, the issue arises between husband and wife, or, as here, between the heirs or devisees of either, the court might be content with a *quantum* of proof that might be deemed insufficient in other cases. No hard-and-fast rule can be laid down upon the subject. Proof of separate ownership reasonably certain in view of all the circumstances is all the law requires. Proof beyond a reasonable doubt, or that which produces demonstration is not required and, indeed, in actual practice, degree of proof means very little. Proof to a reasonable certainty means such proof as would so convince the mind of the ordinary man that he would be willing to act upon it in the business affairs of life. This is all that well-considered cases require. (See sec. 1826, Code Civ. Proc.) Just how the courts handle these questions can better be shown by illustration than rule. In discussing the character and *quantum* of evidence necessary to rebut the presumption relied upon by appellants, Mr. Justice Richards in the recent case of *Estate of Nickson,* 187 Cal. 603 [203 Pac. 106], in speaking for the entire court, said: 'We are of the opinion that it is incumbent on the party seeking to overcome the presumption of community property to do no more than to produce such legal evidence as, under all the circumstances of the case, would ordinarily produce conviction to an unprejudiced mind, and that in the face of such evidence the naked presumption, unsupported by any testimony must fall.' The sufficiency of evidence to establish a given fact, where the law requires proof of the fact to be clear and convincing, is primarily, as in other cases, a question for the trial court to determine, and if there is substantial evidence to support the conclusion reached below, the finding is not open to review on appeal. (*Steinberger* v. *Young,* 175 Cal. 81 [165 Pac. 432]; *Couts* v. *Winston,* 153 Cal. 686 [96 Pac. 357].)"

This rule finds further support in the case of *Estate of Pepper,* 158 Cal. 619 [31 L. R. A. (N. S.) 1092, 112 Pac. 62].

The evidence discloses that at the time of his second marriage with appellant, respondent had on deposit in a bank in Los Angeles the sum of $498.90, and about the sum of $1200 on deposit in a bank in Kansas City, Missouri. On December 8, 1908, he received as a gift from a brother in

New York the sum of $3,000. He made a down payment on the real property in question in the sum of $2,000 which was paid from the moneys we have just mentioned, and assumed an existing mortgage upon the real property in the sum of $500. He borrowed an additional sum of $300 which was evidenced by a note given by himself and appellant and was secured by a mortgage upon the property in question. Both the original encumbrance of $500 and the second encumbrance of $300 were paid and discharged on or about the 22d of April, 1910. The money to pay them was obtained by respondent from his brother in New York who sent respondent $1,000. On August 1, 1911, respondent and appellant joined in executing a mortgage upon the real property in question to respondent's brother in the sum of $1,000 which was to secure the repayment of the last advancement by respondent's brother. At the trial this mortgage, together with the note which it secured was in the possession of respondent.

Respondent testified that his brother did not desire or expect to receive this note and mortgage, that he wrote respondent asking him why the mortgage had been executed and told him that he did not expect the repayment of the money. The note and mortgage were given to respondent's mother by this brother and in turn were given by the mother to respondent, and, as there was nothing paid, the transaction was a gift of the note and mortgage to him.

This testimony fully satisfies the definition of that character of clear and convincing evidence necessary to overcome a presumption as laid down and defined in the authorities which we have cited. In fact, the trial court could hardly have reached any other conclusion from the evidence before it but that the property in question was the separate property of respondent.

If we assume that the transfer of this $1,000 to respondent was a loan, it was made upon the credit of his separate property which was mortgaged to repay it. Money loaned upon the faith and credit of the separate property of the borrower becomes his separate property (*Estate of Ellis*, 203 Cal. 414 [264 Pac. 743]). In all probability the money was a gift to respondent by his brother in the first instance. Undoubtedly the mortgage and note securing the

money were finally given to respondent and became his separate property by gift.

There is ample evidence in the record to support the findings and judgment of the trial court. As all of the other contentions of appellant depend upon her theory that the evidence did not support the findings that the property was the separate property of respondent, it will not be necessary to lengthen this opinion by considering them.

Judgment affirmed.

Barnard, P. J., and Jennings, J., concurred.