[S. F. No. 14460. In Bank.—April 3, 1933.]

AUGUST B. ROTHSCHILD, as Trustee in Bankruptcy, etc., Appellant, v. A. J. DAVIS et al., Respondents.

Torregano & Stark for Appellant.

Ross & Ross and Fred A. Watkins for Respondents.

THOMPSON, J. — The defendant A. J. Davis filed a voluntary petition in bankruptcy April 18, 1928. This action was brought by the trustee in bankruptcy for the purpose of having it declared that the title to certain real property standing of record in the name of A. J. Davis and Emma W. Davis passed to him as trustee. It was and is the contention of the plaintiff that the property was the

community property of A. J. and Emma Davis, who are, of course, husband and wife. It was the contention of Mrs. Davis that the property was her separate property. The trial court found in her favor and the trustee presents this appeal from the judgment.

The real question underlying the entire argument of appellant is whether there is sufficient evidence to support the findings. It is not necessary for us to do more than to say that both Mr. and Mrs. Davis testified that the money which was used for the original purchase of a large parcel of property, from which the piece in question was carved, was the result of a loan on another parcel of property purchased by Mrs. Davis with money earned by her boarding teachers and doing unnecessary work, which money it was agreed should be her own to do with as she pleased. The remainder of the money used in connection with the purchase of the property involved came, so they testified, from sales of or loans on parcels of the original larger piece of property. There was also testimony that the name of A. J. Davis was inserted in the original instrument of transfer by mistake of the lawyer. Appellant devotes a great deal of time and space in an effort to show that the testimony should not be credited and is not sufficient to overcome the presumption that the property standing of record in the names of the husband and wife is held by them as tenants in common. We confess that some of the dealings give the appearance that A. J. Davis had an interest in the property, but that question, the credibility of the witnesses, and the weight of the evidence, were all matters, as has so often been said by this court, for the trial tribunal. There is substantial testimony to support the finding that the property was the separate estate of Mrs. Davis, for which reason we cannot overturn the judgment.

The appellant further urges that the court fell into error in preventing him from inquiring into certain collateral matters having to do with the operation of a service station located on the property and the conduct of A. J. Davis with respect to other real property. A reading of the record discloses that the court permitted counsel to show that A. J. Davis did in fact conduct negotiations for the construction of the service station building, ordering lumber and materials and entering into the contract for the pumps.

It does not appear, therefore, that the examination was unduly restricted. The course of dealing with the property involved, including all the parcels of the original purchase, was thoroughly covered. The source of the money was definitely fixed by the respondents and there was no curtailment of the examination with respect to any transaction in any way connected therewith. But, when counsel sought to go into other real estate transactions of A. J. Davis, in no way connected with the subject matter, except possibly to show that they were managed in the same manner as the one in question, the court indicated its unwillingness to proceed so far. We cannot say the trial judge transcended his discretion in this regard.

Judgment affirmed.

Preston, J., Curtis, J., Langdon, J., Shenk, J., Seawell, J., and Waste, C. J., concurred.