[Civ. No. 17801.   Second Dist., Div. Two.   Oct. 17, 1950.]

VERA SEARLES, Respondent, v. GEORGE SEARLES, Appellant.

Earl C. Broady for Appellant.

George E. Cannady for Respondent.

MOORE, P. J.—This appeal is on the judgment roll. Respondent was awarded a decree of divorce which quieted her title to a parcel of land in both herself and appellant as joint tenants. The latter now demands a reversal on the grounds that (1) findings were not made as to all material issues; (2) the conclusions and judgment are inconsistent with the findings.

While the divorce was granted on the grounds of extreme cruelty and nonsupport, no attack is made upon that part of the judgment. It was decreed that the property be sold by the commissioner named in the judgment and from the proceeds of sale, after paying costs and commissioner's fee, $2,000 be paid to respondent to reimburse her for moneys paid out of her separate funds on the purchase.

As to the acquisition of the property respondent alleged that it was purchased by her at the price of $13,500, "and $2000.00 of that sum was paid in cash by plaintiff out of her separate property, and out of money borrowed by her and on the strength of her separate credit," and that she allowed title to be taken in the names of both as joint tenants upon the promise of appellant to pay at least one-half of the unpaid balance; that he has not paid anything on the unpaid amount and while respondent has been required to make all monthly payments appellant frequently asserted that he would not "put a dime in the said property." The court found such allegations to be true and that it was necessary for respondent to employ an attorney to prosecute her action and that she was without funds to pay attorney's fees.

Appellant complains that there is no allegation or promise that respondent should be reimbursed the total of $2,000 and that there is no finding as to the portion of the $2,000 that was paid out of respondent's separate funds or was borrowed on the strength of her personal credit. The answer to such contention is that the court found the ultimate fact that respondent made the "down payment of $2000 out of her sole and separate property." If she used her own property to borrow the $2,000, the money so borrowed was hers in separate ownership. (*Estate of Ellis*, 203 Cal. 414, 416 [264 P. 743]; *Hogevoll* v. *Hogevoll*, 59 Cal.App.2d 188, 194 [138 P.2d 693].)

Appellant complains that the court refused to require respondent to render an accounting of her collections of the rentals from the property; that she received $260 per month as income and paid out $135 on the monthly installments of

her indebtedness. It is true that no formal accounting appears in the judgment roll. But this action was primarily one for divorce. Since the court had power to quiet title against appellant or otherwise deprive him of his interest in the property by reason of his inequitable conduct and since no injustice was done by respondent's failure to account it cannot be said that such failure to require an accounting necessitates a reversal. Although appellant was convicted of extreme cruelty and failure to provide, no order was made for him to provide for his wife in any sum. Not only did he escape without contributing to her support while inflicting his cruelties upon her but no order requires him now to contribute any sum for her future support, while he receives a half interest in a valuable property without having passed the slightest consideration therefor. Under the facts of the divorce count, the court would have been acting within its equitable powers had it quieted respondent's title to the realty, leaving appellant no interest therein. (*Litt* v. *Litt*, 75 Cal.App.2d 242, 245 [170 P.2d 684].) Where in a divorce action the disposition of separate property of either spouse is in issue, the court has power to hear and determine such issue. (*Roy* v. *Roy*, 29 Cal.App.2d 596, 603 [85 P.2d 223].)

Appellant contends that since the court found that the parties are joint tenants in the ownership of the property, it was error to conclude that the title thereto is "quieted in the names of both . . . as joint tenants subject to the encumbrances of record and subject to a prior claim of $2000 in favor of the plaintiff." His theory is that since a joint interest is one owned in equal shares (Civ. Code, § 683) and since a joint tenancy requires a unity of interest (*Siberell* v. *Siberell*, 214 Cal. 767 [7 P.2d 1003]) the court's conclusion is inconsistent with the findings in that it gives respondent a greater interest that that of appellant. Such logic is inconsistent with common sense. Payment of the debt of a partnership to one of the partners is not a handicap to the division of the proceeds of sale of a partnership property among the partners any more than is the payment of a mortgage due a third party. As the initiator of the transaction in acquiring the property involved respondent is entitled to reimbursement of such sums as she advanced toward payment of the purchase price before the property can be owned in equal shares by joint tenants. (*Jamison* v. *Cotton*, 136 Cal.App 127, 130 [28 P.2d 39].) By subjecting the entire property to the debt of $2,000 due re-

872

spondent the joint tenancy estates will in effect share equally the burdens and benefits of the partition.

In the absence of a transcript of the evidence the presumptions are that the findings were supported.

Judgment affirmed.

McComb, J:, and Wilson, J., concurred.